FRED TEASLEY v. THE STATE.

No. 1949.    Decided October 30, 1912.

**Aggravated Assault—Deadly Weapon—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the defendant was convicted of aggravated assault, and there was no direct evidence that the instrument used was a deadly weapon, but the evidence was sufficient to justify the jury in arriving at that conclusion, there was no error.

Appeal from the District Court of Red River.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction is for aggravated assault, the fine being $250 with the additional punishment of thirty days confinement in the county jail.

The main contention of appellant is that the facts do not justify the conviction, and especially that the weapon used was not a deadly weapon. The court submitted the case upon the theory that the weapon was a deadly weapon. The charge contained in the indictment was assault to murder. The jury acquitted of that offense and convicted appellant of aggravated assault. The jury were instructed as if the weapon used was a deadly weapon, etc., that appellant would be guilty

of aggravated assault in case they acquitted of assault with intent to murder, and the court also submitted the issue of simple assault. The instrument used by appellant was a piece of iron about twelve and one-half or thirteen inches long and weighed a fraction over two and one-half pounds. The assaulted party was sitting on the gallery on a chair. Appellant picked up the piece of iron, went to where he was and struck him on the head with it. He bled very freely. The witnesses say there was about a quart to half a gallon of blood. The evidence is in conflict as to how he was holding the iron, whether with one or both hands, at the time he struck, but be that as it may, there is no contradiction as to the fact that he did strike him on the head with the piece of iron, and as to its length, size and weight. It had been used about the store by the owner of the store for the purpose of driving nails and such incidental matters. The owner says he used it as a hammer; had a good big tap on the end of it, and was what he called an iron bolt; he says it was a 5/8 bolt, and had the tap on it; that he had had it about the store for some time. When this happened the assaulted party ran out from the gallery into the road and did not straighten up after the lick until he got out some distance in the street or "big road" as the witnesses call it. Appellant then immediately went down to a nearby house and got his shotgun which was taken from him. The parties had been in partnership as canvassers for a book. There had been some words between them a day or two before this occurrence in regard to a settlement of financial matters and upon the next meeting this difficulty occurred, or rather the assault was made by appellant upon the assaulted party, and it seems the assaulted party was not aware of his presence or that appellant was going to attack him until the blow was given.

There is no direct evidence as to the fact that the weapon was a deadly one, yet we are of opinion the evidence is sufficient to justify the jury in arriving at that conclusion.

The judgment is affirmed.

*Affirmed.*